UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATRINA LYNN DANFORTH,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Case No. 2:21-cv-00398-BLW<br>Crim. Case No.  2:18-cr-00398-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Before the Court is Petitioner Katrina Lynn Danforth's Motion for

Voluntary Dismissal (Civ. Dkt. 8) of her Motion to Set Aside or Correct Sentence

Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) as well as the Government's Response

in Opposition to the § 2255 Motion (Civ. Dkt. 7) requesting its dismissal and its

Response to Petitioner's Motion to Dismiss (Civ. Dkt. 9) requesting dismissal of

the § 2255 Motion on its merits. For the reasons explained below, the Court will

dismiss the § 2255 Motion without prejudice.

## ANALYSIS

On August 5, 2019, Ms. Danforth entered into a plea agreement and pleaded guilty to Counts One and Five of the Indictment charging her with Use of Interstate Commerce Facilities in Commission of Murder for Hire in violation of 18 U.S.C. § 1958. Crim. Dkts. 19, 20. Subsequently, the Court granted her motions to withdraw her guilty plea to Count Five and to merge Counts Two through Five into Count One of the Indictment. Crim. Dkt. 43. The Court ultimately imposed a sentence of 120 months of incarceration. Crim. Dkt. 52.

Ms. Danforth filed a timely notice of appeal, but she ultimately moved for voluntary dismissal of her appeal. Crim. Dkt. 56. The Ninth Circuit granted her motion and dismissed her appeal on October 19, 2020. Dkt. 67. She timely filed the pending § 2255 Motion on October 4, 2021, claiming ineffective assistance of counsel essentially for urging her to dismiss her appeal. On February 1, 2022, Ms. Danforth filed the pending Motion for Voluntary Dismissal. Although she feels that her constitutional rights may have been violated, she seeks dismissal "based on religious beliefs." Civ. Dkt. 8. As stated above, the Government urges a decision on the merits.

None of the Rules Governing § 2255 Proceedings in the United States District Courts addresses the procedure for dismissing a § 2255 motion. However, Rule 12 directs courts to apply "[t]he Federal Rules of Civil Procedure, . . . to the

extent that they are not inconsistent with any statutory provisions or these rules . . .

." Accordingly, the Court will apply Rule 41 in deciding the motion as it has done

previously. *See Cook v. United States*, Civ. No. 1:16-cv-00254-BLW, Crim. No.

1:10-cr-00167-BLW, 2018 WL 2024609 (D. Idaho May 1, 2018).[1]

Rule 41(a)(2) specifically applies here given that the Government has

already responded to the § 2255 Motion. It states that "an action may be dismissed

at the plaintiff's request only by court order, on terms that the court considers

proper." A decision to grant a voluntary dismissal under Rule 41(a)(2) is left to the

sound discretion of the district court. Generally, "[a] district court should grant a

motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show

that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263

F.3d 972, 975 (9th Cir. 2001) (citations omitted). "[L]egal prejudice does not result

merely because the defendant will be inconvenienced by having to defend in

---

[1] Several other district courts have likewise applied Rule 41 in addressing voluntary motions to dismiss § 2255 proceedings. *See, e.g.*, *Muller v. United States*, No. 2:15-cr-00205-TLN-EFB, 2020 WL 6270700, at *1 (E.D. Cal. October 26, 2020) (granting voluntary dismissal of § 2255 motion under Rule 41(a)(2)); *United States v. Long*, No. 2:13-cr-00041-GMN-GWF, 2019 WL 4467005, at *2 (D. Nev. Sept. 18, 2019) (also noting that voluntary dismissal of § 2255 motion under Rule 41(a)(2) conserves judicial resources); *United States v. Henderson*, Cr. No. 12-00646 JMS, Civ. No. 16-00338 JMS-KSC, 2017 WL 3688145, at *2-3 (D. Haw. Aug. 25, 2017) (finding Rule 41(a)(2) applied to § 2255 proceedings and granting voluntary dismissal finding neither prejudice to the government nor judicial waste).

another forum or where a plaintiff would gain a tactical advantage by that dismissal. *Id.* at 976. Rather, legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

In its Response to the Motion for Voluntary Dismissal, the Government states only that "this Court has appropriate grounds set forth in the record to dismiss this petition on the merits." It does not identify any specific legal prejudice it would suffer from voluntary dismissal. Furthermore, granting voluntary dismissal conserves judicial resources and is in the interest of judicial economy.

For these reasons, the Court will grant Ms. Danforth's Motion for Voluntary Dismissal.

## ORDER

**IT IS ORDERED that** Katrina Lynn Danforth's Motion for Voluntary Dismissal (Civ. Dkt. 8; Crim. Dkt. 77) is **GRANTED** and her Motion to Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1; Crim. Dkt. 76) is **DISMISSED WITHOUT PREJUDICE**.

DATED: August 10, 2022

B. Lynn Winmill
U.S. District Court Judge